IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ALAMO,<br><br>      Petitioner,<br><br>    v.<br><br>DONALD HUDSON, Jr.,[1]  Warden, Ray Brook Federal Correctional Institution,<br><br>      Respondent. | No. 9:12-cv-00736-JKS<br><br>MEMORANDUM DECISION |

Carlos Alamo, a federal prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2241. Smith is currently in the custody of the Federal Bureau of Prisons ("BOP") and is incarcerated at the Ray Brook Federal Correctional Institution. Respondent has answered, and Alamo has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

The United States District Court for the District of New Jersey summarized the facts of this case as follows:

> Alamo was arrested by New York authorities on four Bronx County indictments and, on February 19, 1999, was remanded to the New York City Department of Corrections. While awaiting trial on those state charges, he was indicted by the United States for conspiracy to distribute heroin in violation of 21 U.S.C. § 846, charges that he contends were related to the pending state charges.
> On May 14, 1999, pursuant to a writ of habeas corpus *ad prosequendum*, New York authorities produced Alamo to the United States Marshal to answer the federal charges. On November 15, 2000, judgment was entered in the U.S. District Court for the Southern District of New Jersey sentencing Alamo to a term of imprisonment of 151

---

   [1]  Donald Hudson, Jr., Warden, Ray Brook Federal Correctional Institution, is substituted for R.A. Perdue, former Warden, Ray Brook Federal Correctional Institution. FED. R. CIV. P. 25(c).

months. Alamo remained in the temporary custody of federal authorities, pursuant to the writ of habeas corpus *ad prosequendum*. On November 17, 2000, Alamo was transported to state court where a sentence of one and one-half to three years was imposed. As evidenced by the sentencing transcript . . . the state court was under the mistaken impression that Alamo was then serving his federal sentence and ordered that Alamo's state sentence would be served concurrently with the federal sentence. Nothing in the transcript indicated the source of the state court's misunderstanding. Alamo was returned to the New York City Department of Corrections on December 8, 2000.

Another state sentence was imposed on November 30, 2001, to run concurrently with the federal sentence "now being served." FN2. On January 11, 2002, Alamo was transferred to the New York State Department of Correctional Services to begin serving his state sentences. He received state jail time credit for the periods from January 5, 1999, through January 6, 1999, from February 19, 1999, through May 14, 1999, and from December 8, 2000, through January 10, 20002. Alamo was discharged from the New York State Department of Correctional Services, having competed his state sentences, on September 10, 2004.

> FN 2. Alamo states, and the copy of the judgment attached to the Petition in Civil No. 06-2555 (JBS) confirms, that this sentence was imposed for an incident that occurred while Alamo was in state custody, for Promoting Prison Contraband. It indisputably is not related to the federal charges.

Alamo began serving his federal sentence on that date. He was awarded prior custody credit from May 15, 1999, through December 7, 2000, because the state had not credited to his state sentence the time during which [Alamo] was subject to the writ of habeas corpus *ad prosequendum*.

Alamo sought credit against his federal sentence for the time when he was in state custody, to give effect to the state judges' statements that his state sentences should run concurrently to his federal sentence.

The BOP denied Alamo's request for credit as to any time that had already been credited against his state sentence. The BOP alternatively considered the request for credit a request for nunc pro tunc designation, which was referred to the Northeast Regional Office. By letter dated September 1, 2005, Regional Inmate Systems Administrator Fernando J. Messer advised Alamo that this request for a nunc pro tunc designation was denied.

> Under Bureau policy, a designation for concurrent service of sentence should be made only when it is consistent with the intent of the sentencing court or with the goals of the criminal justice system.
>
> Based upon a review of the above federal sentencing order, the application of the federal statutes, your past criminal history, and the discretion afforded to the Bureau of Prisons, the request for nunc pro tunc designation is denied.

Alamo, who was in federal prison in New Jersey at the time, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with the District of New Jersey. On April 12, 2007, the District of New Jersey denied relief, concluding that the BOP had correctly calculated Alamo's sentence and did not abuse its discretion in denying Alamo's request that the state facilities be designated, nunc pro tunc, as a place of serving his federal sentence.

Alamo filed a motion for reconsideration of that denial three years later. In an order dated August 4, 2011, the court denied relief, concluding that Alamo did not point to any controlling facts or legal authority that the court overlooked in rendering its prior opinion and order. The court continued:

> The Court understands and sympathizes with [Alamo's] frustration. Nevertheless, there is no question that, at the time his state sentences were imposed, [he] was only in temporary custody of the federal authorities pursuant to a writ of habeas corpus *ad prosequendum*; he was not then serving his federal sentence. [Alamo] was returned to the New York City Department of Corrections only three weeks after his federal sentence was imposed and he remained in the custody of state correctional authorities for the next three years and nine months, until he had fully served his state sentence. The Bureau of Prisons gave fair consideration to [Alamo's] request for designation of the municipal and state correctional facilities as a place of serving his federal sentence. This court can review that determination only for abuse of discretion; as there has been no such abuse of discretion, [Alamo] is not entitled to relief.

On November 18, 2010, Alamo filed a document styled as a 28 U.S.C. § 2255 motion in the Southern District of New York. The Southern District of New York construed it as a § 2241 petition after Alamo consented and transferred it to the District of New Jersey.

Alamo again argued that his state sentences should have run concurrent to his federal sentence. On September 9, 2011, the District of New Jersey denied relief on the grounds that his claims were "substantially identical" to those raised in his first petition and motion for reconsideration which had previously been denied.

Alamo appealed, and on January 4, 2012, the Third Circuit affirmed, concluding that the records revealed neither statutory error nor abuse of discretion by the BOP, which in turn suggested a lack of error on the part of the district court.

At some point Alamo was transferred to Ray Brook Federal Correctional Institution, which is within the jurisdiction of the Northern District of New York. On April 24, 2012, he filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 with this Court. After Respondent answered and Alamo replied, Alamo filed a motion to amend/correct his Petition. Respondent filed a motion in opposition. On December 16, 2013, this Court granted Alamo's motion in part. This Court denied Alamo's request to add the United States Marshal for the Southern District as a respondent, as amendment would be futile because the proper respondent is the warden of the facility where Alamo is confined. This Court granted Alamo's motion to the extent he attempted to add additional background information in support of his pending Petition. This Court determined that, in addition to the original Petition, Answer, and Traverse, it would also consider arguments and information provided in the motion to amend and opposition motion in determining whether Alamo is entitled to relief.

## II. DISCUSSION

Alamo argues that a "ministerial error" committed by the United States Marshals Service resulted in his serving a state-imposed sentence consecutive to, rather than concurrent with, the federal sentence he is currently serving. As discussed *supra*, Alamo similarly argued in his two § 2241 petitions to the District of New Jersey, his motion for reconsideration, and his appeal to the Third Circuit, that his federal and state sentences should run concurrently.

The Second Circuit has not yet decided whether the gatekeeping provisions of 28 § U.S.C. 2244(b), which prohibits second or successive habeas corpus applications in § 2254 cases, applies to § 2241 cases. *See Gittens v. Menifee*, 428 F.3d 382, 383 n.1 (2d Cir. 2005); *Simon v. United States*, 359 F.3d 139, 142-43 (2d Cir. 2004).

However, 28 U.S.C. § 2244(a) provides that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." The Second Circuit has recognized that § 2244(a) permits courts to dismiss § 2241 habeas petitions when they raise claims that have already been decided on the merits in a prior § 2241 petition. *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997); *Simon*, 359 F.3d at 143 n.7 (concluding that in *Chambers,* 106 F.3d at 475, the Second Circuit implicitly held that § 2244(a) permits courts to dismiss § 2241 habeas petitions when they raise claims that have already been decided on the merits in a prior § 2241 petition); *see also Alamo v. Attorney Gen.*, 456 F. App'x 74, 75 (3d Cir. 2012) (citing *Chambers*, 106 F.3d at 475, and concluding that the district court was not required pursuant to 2244(a) to consider a second § 2241 petition raising identical claims).

In addition, under the common law "abuse of the writ" doctrine, a court has discretion to dismiss a § 2241 habeas petition that is premised on mere "repetition of a previously asserted claim." *Esposito v. Ashcroft*, 392 F.3d 549, 550 (2d Cir. 2004) (per curiam) (collecting cases).

Despite Alamo's attempt to cast his current Petition as a claim against the Marshals, the essence of his claim is still that the BOP failed to give him credit against his federal sentence for

time served in the state penitentiary. That claim was resolved against Alamo by the Third Circuit. *Kiendra v. Hadden*, 763 F.2d 69 (2d Cir. 1985), and *Smith v. Swope*, 91 F.2d 260 (9th Cir. 1937), are distinguishable for the reasons discussed in *Delima v. United States*, 41 F. Supp. 2d 359, 363 (E.D.N.Y. 1999). There is no evidence that the Marshals "misplaced" him or otherwise erred as he suggests. *See Delima*, 41 F. Supp. 2d at 363. It was for the BOP to consider Alamo's request for designation of the municipal and state correctional facilities as a place of serving his federal sentence, not the Marshals Service or this Court. *See id.* at 364.

Moreover, this Court would not be able to provide relief in the absence of an abuse of discretion by the BOP in reviewing his claim. A "state court's designation of its sentence to run concurrently with [a] petitioner's federal sentence . . . is not binding on federal authorities." *McCarthy v. Doe*, 146 F.3d 118, 120-21 (2d Cir. 1998) (citing *United States v. Sackinger*, 704 F.2d 29, 32 (2d Cir. 1983) (federal court is not obligated to comply with terms of plea agreement entered into between defendant and state authorities)); *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005) (state court's determination that sentence should run concurrent with federal sentence is not binding on federal authorities) (citing *McCarthy*, 146 F.3d at 120-21).

Since Alamo has not pointed to any facts or law that would recommend reconsideration of the claims already rejected in his two prior § 2241 petitions, motion for reconsideration, and appeal to the Third Circuit, and those courts gave full and fair consideration to his claims, his Petition is dismissed.

## III. CONCLUSION

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus is **DISMISSED**.

The Clerk of the Court is to enter judgment accordingly.

Dated: March 28, 2014.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge
